[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13772
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-05243-WMR

WASEEM DAKER,

Plaintiff–Appellant,

versus

GOVERNOR OF GEORGIA,
GEORGIA SECRETARY OF STATE,
ATTORNEY GENERAL, STATE OF GEORGIA,
STATE OF GEORGIA,
SENTENCE REVIEW PANEL, et al.,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 9, 2020)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner and "three-strikes" litigant under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), appeals *pro se* the *sua sponte* imposition of a permanent filing injunction. Daker argues that the district court erred by issuing the permanent injunction without first providing him notice and an opportunity to heard. Because we agree, we vacate and remand.

We review for abuse of discretion the imposition of a filing injunction. *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008).

The district court abused its discretion. An injunction against abusive and vexatious litigation cannot completely foreclose a litigant from accessing the courts. *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002). And, before entering or modifying a filing injunction, a district court must give the litigant who would be enjoined notice and an opportunity to be heard. *Id.* at 1297–98; *see also Doe, 1-13 ex rel. Doe Sr. 1-13 v. Bush*, 261 F.3d 1037, 1063–64 (11th Cir. 2001). The district court violated Daker's right to due process by imposing the permanent filing injunction without first providing him notice and an opportunity to be heard. So we vacate the injunction and remand so that Daker can be afforded notice and an opportunity to respond before any filing injunction is imposed.

**VACATED AND REMANDED.**